Filed 8/8/22  P. v. Heflen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>MICHAELLE MARGUERITE HEFLEN,<br><br>    Defendant and Appellant. | C093900<br><br>(Super. Ct. Nos. 20CF00422, 18CM02638, SCR103509) |

The trial court sentenced defendant Michaelle Marguerite Heflen to the upper term of six years in state prison after she was convicted of child endangerment, among other charges.  On appeal, defendant argues her case must be remanded because of legislative changes made to Penal Code section 1170, subdivision (b)(6) that, among other things,

1

altered the process for sentencing a defendant who has suffered psychological or childhood trauma.[1] We will remand the case for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal involves three cases, all of which defendant pled no contest to, and sentencing was imposed for each case on the same date.

*Case No. SCR103509*

In Butte County Superior Court case No. SCR103509, defendant failed to adequately care for a horse and the prosecution charged her with misdemeanor failure to care for animals. (Former Pen. Code, § 597f.)[2] On September 23, 2015, defendant pleaded no contest to the charge, and the trial court placed her on probation. In February of 2018, her probation was revoked, and a bench warrant was subsequently issued for her arrest. The prosecution filed a petition for revocation of defendant's probation on May 31, 2018. After a series of citations issued to defendant to appear on the petition, followed by numerous failures to appear, defendant finally appeared in court for arraignment on the petition on October 4, 2019. The prosecution subsequently added three counts to the original complaint in this matter: two charges of violating a promise to appear (§ 853.7), and a failure to appear charge (§ 1320, subd. (a)). On March 4, 2020, defendant waived her right to a jury trial and pleaded no contest to the three new charges.

*Case No. 18CM02638*

In Butte County Superior Court case No. 18CM02638, deputies searched defendant during an arrest and found methamphetamine in her pocket. On May 16, 2018,

---

[1] Both parties refer to changes made to Penal Code section 1170 by Assembly Bill No. 124 (2021-2022 Reg. Sess.), although Senate Bill No. 567 (2021-2022 Reg. Sess.) later incorporated those changes and is the operative legislation. (See Stats. 2021, ch. 731, § 3, subd. (c).) Thus, we will refer to the amended statute, rather than the legislation.

[2] Undesignated statutory references are to the Penal Code.

2

the prosecution charged defendant with misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and later added charges for violating a promise to appear (§ 853.7) and failure to appear (§ 1320, subd. (a)). On March 4, 2020, defendant pleaded no contest to these charges.

*Case No. 20CF00422*

In Butte County Superior Court case No. 20CF00422, officers found defendant living with her three children in a home with no running water or electricity. Animal feces were scattered on the floor, along with a bucket filled with urine. The children were dirty and ragged, and said they slept in vehicles on the property, on a futon, or on the floor. While the children were being taken to the county children's services office, defendant called the children on a cell phone and instructed them to tell her once they had reached their placements so that she could pick them up and take them away. The prosecution charged defendant with felony child endangerment (§ 273a, subd. (a)), misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and misdemeanor possession of a designated controlled substance, Xanax (Health & Saf. Code, § 11375, subd. (b)(2)). On March 4, 2020, defendant pleaded no contest to these charges.

*Sentencing Hearing*

In the probation report prepared for the sentencing hearing, defendant's personal history included an affirmative response to the question, "Have you ever been examined/treated for mental or emotional problems?" The report explained, "The defendant had a psychological evaluation (results unknown) at age 7 for being a repeat runaway. She ran away because her siblings were bullying her."

At the March 18, 2021 sentencing hearing, the court considered the aggravating and mitigating factors for the child endangerment count before sentencing defendant. In aggravation, the court found the victims were particularly vulnerable and defendant took advantage of a position of trust; the crime indicated planning or sophistication; defendant

3

was on probation at the time of offense; and her convictions were numerous and of increasing severity. The court did not identify any mitigating factors. The court imposed the upper term sentence of six years for the child endangerment count. The court also imposed various concurrent sentences for the misdemeanor counts, for a total aggregate sentence of six years.

Defendant filed a timely notice of appeal in case No. 20CF00422 and we granted her later request to amend the notice to include case Nos. SCR103509 and 18CM02638.

## DISCUSSION

Defendant argues that the changes to section 1170, subdivision (b)(6), which, among other things, created a presumption that trial courts should impose the lower term if a defendant's psychological or childhood trauma contributed to the offense, apply to her case retroactively. As such, defendant claims her case must be remanded for resentencing because the court did not assign weight to the evidence of psychological and childhood trauma in the probation report when it imposed the upper term sentence on the child endangerment conviction. We agree.

The legislative changes, which became effective January 1, 2022, made changes affecting trial court sentencing discretion, including the ability to impose the upper term for a conviction. (Stats. 2021, ch. 731, § 1.3.) The legislation amended section 1170 to require courts to impose the lower term on convictions if a defendant's childhood trauma or psychological trauma were contributing factors in the commission of the offense, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).)

The parties agree that the legislative changes should apply retroactively to defendant's case as ameliorative changes under *In re Estrada* (1965) 63 Cal.2d 740. Nothing in the legislation suggests a legislative intent that the amendments apply prospectively only, and defendant's case is not yet final. (*People v. Vieira* (2005)

4

35 Cal.4th 264, 305-306.) Thus, we agree that the changes apply retroactively to nonfinal cases such as this one. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

The parties disagree on the effect the legislative changes should have on defendant's case, however. The Attorney General asserts the statement in the probation report does not show defendant suffered psychological or childhood trauma, or that there is a link between any trauma and the commission of the offense. The Attorney General also argues defendant forfeited her argument and that remand, in any case, would be an idle act because the trial court "implicitly concluded" a lower term sentence would not be in the interests of justice.

As an initial matter, we reject the Attorney General's claim that defendant forfeited her claim by insufficiently explaining her argument in her opening brief. Defendant's opening brief supported her claim with citations to the record and the limited legal authority available, given the recency of the legislation, and her analysis is sufficient to make her argument cognizable.

Defendant's psychological evaluation was not mentioned at sentencing, either in general or as a potentially mitigating factor. Although the results of the evaluation are unknown, nothing in the record precludes the possibility that these experiences were a contributing factor to defendant's child endangerment conviction, and it is plausible that early childhood trauma could contribute to such a conviction later in life. Here, the trial court did not have the benefit of section 1170, subdivision (b)(6) at the time of defendant's sentencing hearing and as such, did not conduct the analysis required of that section. When the trial court imposed sentence, defendant was not entitled to a presumptive lower term upon a showing that psychological, physical, or childhood trauma was a "contributing factor in the commission" of her offenses. (§ 1170, subd. (b)(6).) Defendant thus had less incentive to develop a record regarding these issues. By the same token, the trial court had less incentive to assess whether psychological, physical, or childhood trauma was a contributing factor. (See *People v. Banner* (2022)

5

77 Cal.App.5th 226, 242 ["record is likely incomplete relative to statutory factors enacted after judgment [is] pronounced"], citing *People v. Frahs* (2020) 9 Cal.5th 618, 637-638.)

When a sentencing court is unaware of the scope of its discretionary powers, "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) The record before us does not make it clear that the trial court would have imposed the upper term had section 1170, subdivision (b)(6) been in effect at the time. (*People v. Banner, supra*, 77 Cal.App.5th at p. 242.)

On remand, defendant, as well as the People, will have the opportunity to present additional evidence and information to permit the trial court to make the necessary findings and exercise the discretion afforded by section 1170, subdivision (b).

## DISPOSITION

The case is remanded to the trial court for resentencing consistent with amended section 1170, subdivision (b), effective January 1, 2022. In all other respects, the judgment is affirmed.


/s/
EARL, J.


We concur:


/s/
MAURO, Acting P. J.


/s/
KRAUSE, J.